**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT GILMACK, | ) | |
| | ) | |
| Plaintiff, | ) | **FILED: JULY 3, 2008** |
| | ) | **08CV3804** |
| v. | ) NO. | **JUDGE DARRAH** |
| | ) | **MAGISTRATE JUDGE VALDEZ** |
| WING ENTERPRISES, INC. and | ) | |
| ALLSTATE INSURANCE COMPANY, | ) | |
| | ) | **AEE** |
| Defendants. | ) | |

## NOTICE OF REMOVAL

TO:    Clerk of the Court                     Clerk of the Court
       United States District Court           Circuit Court of Cook County
       Northern District of Illinois          County Department -- Law Division
       Eastern Division                       Richard J. Daley Center, 50 W. Washington Street
       219 S. Dearborn Street                 Chicago, Illinois 60602
       Chicago, Illinois 60604

       Bryan O'Connor
       Baal & O'Connor
       Attorney for Plaintiff
       221 North LaSalle -- Suite 2600
       Chicago, IL 60601

Defendant WING ENTERPRISES, INC. hereby provides its Notice of Removal pursuant

to 28 U.S.C.A. § 1441. The grounds for removal are as follows:

### 1.    JURISDICTION

This court has original jurisdiction pursuant to the provisions of 28 U.S.C.A. § 1332 and

this case is one which may be removed to this Court by the petitioner pursuant to the provisions

of 28 U.S.C.A. § 1441 and § 1446 because the matter in controversy exceeds the sum of $75,000

exclusive of costs and interests, and complete diversity exists.

2.    **DIVERSITY OF CITIZENSHIP**

a.    There is complete diversity of citizenship of the parties pursuant to 28 U.S.C.A. § 1332.

b.    On June 16, 2008, the plaintiff voluntarily dismissed the defendant, Allstate Insurance Company, which was a citizen of Illinois, and therefore, Allstate Insurance Company is no longer a party to this action.

c.    At the time the plaintiff filed his state court action and at the time of filing of this notice of removal, the plaintiff, Robert Gilmack, was and is a citizen of the State of Illinois.

d.    At the time the plaintiff filed his state court action and at the time of filing of this notice of removal, Defendant Wing Enterprises, Inc. was and is incorporated in Utah and has its principal place of business in Springville, Utah.

3.    **CONSENT TO REMOVAL**

Defendant, Wing Enterprises, Inc. is the only remaining defendant in this action.

4.    **AMOUNT IN CONTROVERSY**

In his complaint, the plaintiff alleges that the plaintiff was standing on the defendant's ladder. The ladder allegedly collapsed suddenly, causing the plaintiff to fall and sustain injuries both in the form of economic and non-economic damages. (See Plaintiff's Complaint attached as Exhibit A, at paras. 9-10, 13). By agreement of the parties, the amount in controversy exceeds $75,000, exclusive of costs and interests. (See correspondence to plaintiff's counsel dated June 17, 2008, attached hereto and made a part hereof as Exhibit B).

2

5. **TIMELINESS OF NOTICE OF REMOVAL**

a.    The plaintiff filed his Complaint at Law against Wing Enterprises, Inc. and Allstate Insurance Company in the Circuit Court of Cook County, Chicago, Illinois, Law Division on February 27, 2008. (See Ex. A, Plaintiffs' Complaint at Law).

b.    Defendant Wing Enterprises, Inc. was served with a summons and complaint on March 10, 2008. (See summons attached as Exhibit C).

c.    The state court file does not contain proof of service on defendant Allstate Insurance Company; however, based on the Cook County Case Information Summary sheet, the defendant, Allstate Insurance Company, filed an appearance on April 24, 2008. (See Cook County Case Information Summary, attached as Exhibit D).

d.    On June 16, 2008, the plaintiff voluntarily dismissed Allstate Insurance Company from this lawsuit. (Court Order dated June 16, 2008, dismissing Allstate Insurance Company, is attached as Exhibit E).

e.    In accordance with 28 U.S.C.A. § 1446(b), Defendant Wing Enterprises, Inc. has timely filed this Notice of Removal within (30) days of the dismissal of Allstate Insurance Company, which, at the time of said dismissal, diversity of the parties was first established.

6. **STATE COURT FILE ATTACHED**

Pursuant to 28 U.S.C.A. § 1446(a), a copy of all process, pleadings, and orders served upon the defendant and contained in the state court file are attached to this Notice of Removal and are the sole pleadings in the aforementioned case, thus constituting the entire court file. (State court file is attached as Exhibit F).

3

7.     **WRITTEN NOTICE OF FILING**

The defendant has given written notice of the filing of this Notice of Removal to all attorneys of record and the Clerk of the Cook County Circuit Court – Law Division, Chicago, Illinois.

WHEREFORE, the defendant Wing Enterprises, Inc. seeks to remove this action based on the reasons set forth above.

Respectfully submitted,

By:    s/Louis J. Phillips
       One of the attorneys for the defendant
       Wing Enterprises, Inc.

Joseph P. Switzer – ARDC#3127727
Louis J. Phillips – ARDC#6279354
Swanson, Martin & Bell, LLP
330 N. Wabash, Ste. 3300
Chicago, Illinois 60611
(312) 321-9100
(312) 321-0990 FAX
jswitzer@smbtrials.com
lphillip@smbtrials.com

4

# EXHIBIT
# A

#13773

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ROBERT GILMACK, )<br><br>Plaintiff )<br><br>vs. )<br><br>WING ENTERPRISES INC., and )<br>ALLSTATE INSURANCE COMPANY )<br>Defendant. ) | NO.<br><br><br>2008L002319<br>CALENDAR/ROOM F<br>TIME 00:00<br>PI Other |

## COMPLAINT AT LAW

NOW COMES Plaintiff, ROBERT GILMACK, by his attorneys, BAAL &

O'CONNOR, and in complaint of Defendants, WING ENTERPRISES, INC. (herein

WING) and ALLSTATE INSURANCE CO., (herein ALLSTATE) states as follows:

### COUNT I – STRICT LIABILITY v WING ENTERPRISES

1.     Plaintiff is employed with Allstate Insurance Co. in Illinois as a property field adjuster.

2.     Defendant WING is a corporation doing business in Cook County, Illinois.

3.     Defendant, ALLSTATE is an insurance company doing business in Cook County, Illinois.

4.     On and prior to May 30, 2006, but within ten years prior to that date, WING designed, manufactured, sold, and/or distributed a fiberglass ladder marketed under name of "Little Giant".

5.     ALLSTATE purchased this ladder for use by its property field adjusters, such as Plaintiff.

6.    Defendant WING had a duty to manufacture, design, sell and/or distribute a ladder that was not in an unreasonably dangerous condition.

7.    On or before May 30, 2006, Defendant Allstate supplied Plaintiff with the above mentioned ladder manufactured by Wing.

8.    At all times mentioned herein, Plaintiff was acting in the course and scope of his employment with Allstate as a property field adjuster.

9.    On May 30, 2006, while working in Cook County, Illinois, Plaintiff was standing on the Wing ladder in the course and performance of his duties, while inspecting some property damage.

10.    At that time and place, the Wing ladder suddenly collapsed, causing Plaintiff to fall and sustain injury.

11.    In violation of its duty, the Little Giant ladder was unreasonably dangerous for its foreseeable uses in one or more of the following respects:

(a)    The ladder was unstable and prone to collapsing

(b)    The ladder failed to work as intended, namely upon standing on the rungs of the ladder, the siderails and/or components of the ladder failed, causing the ladder to collapse.

(c)    The ladder contained a manufacturing defect, in that the ladder failed to work as intended, namely upon standing on the rungs of the ladder, the siderails and/or components of the ladder failed, causing the ladder to collapse.

(d)    The ladder contained inadequate warnings as to its hazardous condition, when Defendant knew or should have known of the hazardous condition.

12.    These unreasonably dangerous conditions existed when this ladder left Defendant WING's control.

13.     As a proximate result of one or more of these unreasonably dangerous conditions, the ladder that Plaintiff was standing upon collapsed, and he fell and sustained injury; and as a result has incurred economic and non-economic damages.

WHEREFORE, the Plaintiff ROBERT GILMACK, demands judgment against Defendant, in such sum as a Court and jury shall deem fair and reasonable, but in excess of $50,000.00, plus costs of suit.


## COUNT II – SPOLIATION OF EVIDENCE v ALLSTATE

14.     Plaintiff restates Paragraphs 1 through 13 and incorporates them by reference into Paragraph 14 of Count II.

15.     After Plaintiff's injury, Allstate inspected the ladder that caused Plaintiff's injury, and took possession of it to determine if it was defective, and to determine whether Allstate had any "third party liability" possibilities in order to recoup some of its workers compensation payments it was required to make as a result of Plaintiff's injury.

16.     Allstate knew that the ladder was evidence in any potential civil action arising from Plaintiff's injury.

17.     Allstate voluntary assumed a duty with Plaintiff to preserve, store and otherwise maintain the ladder which it knew was evidence in an anticipated lawsuit; in the alternative, Allstate was under a duty to preserve the ladder because of the actual knowledge that it possessed that the ladder was important evidence in potential civil litigation.

18.     Plaintiff has made demands upon Allstate to produce the ladder, and allow an inspection of it, but Allstate has either refused or not responded to Plaintiff's demands.

3

19.    On information and belief, Plaintiff alleges that Allstate, through its agents or employees, committed one or more of the following acts or omissions in violation of its duty:

      (a)    Failed to maintain and/or preserve the Little Giant ladder;

      (b)    Destroyed the ladder, in violation of its duty to Plaintiff;

20.    The actions of Allstate amounted to spoliation of evidence.

21.    As a proximate result of Allstate's spoliation of evidence, Plaintiff has been damaged because he has been severely hindered in his ability to prosecute a product liability action against Wing, and but for Allstate's loss and/or destruction of the ladder, Plaintiff would have easily proved a product defect in the underlying lawsuit, or in the alternative, the value of his claim against Wing is diminished in view of Allstate's spoliation of evidence.

WHEREFORE, the Plaintiff ROBERT GILMACK, demands judgment against Defendant, **ALLSTATE INSURANCE COMPANY**, in such sum as a Court and jury shall deem fair and reasonable, but in excess of $50,000.00, plus costs of suit.

**BRYAN J. O'CONNOR**
**Attorney for Plaintiff**

#13773
BAAL & O'CONNOR
Bryan J. O'Connor
221 N. LaSalle St., Ste. 463
Chicago, IL 60601
(312) 236-1814

# EXHIBIT
# B

# SWANSON, MARTIN & BELL, LLP

ATTORNEYS AT LAW
ONE IBM PLAZA • SUITE 3300
330 NORTH WABASH, CHICAGO, ILLINOIS 60611
(312) 321-9100 • FAX (312) 321-0990

*Louis J. Phillips*
(312) 923-8254
lphillip@smbtrials.com

June 17, 2008

**VIA FACSIMILE (312.580.5479) & U.S. Mail**

Bryan J. O'Connor
Baal & O'Connor
221 North LaSalle Street, Suite 2600
Chicago, Illinois 60601

> Re: *Robert Gilmack v. Wing Enterprises Inc.*
> **Case No. 08 L 2219**
> **Your File No. WI-600-029-GIWI**
> **D/A: 5/30/2006**

Dear Mr. O'Connor:

I am writing to confirm our telephone conversation today, June 17, 2008, in which you agreed that the amount in controversy in this action exceeds the jurisdictional amount of $75,000, excluding costs and interest, for purposes of diversity jurisdiction.

If I have misstated our conversation, please contact immediately, as I will be filing a notice for removal based on diversity jurisdiction.

Very truly yours,

**SWANSON, MARTIN & BELL, LLP**

Louis J. Phillips

LJP:me

cc:　Joe Switzer

0040-065 / 591119_1.DOC

DUPAGE COUNTY OFFICE • 2525 CABOT DRIVE • SUITE 204 • LISLE, ILLINOIS 60532 • (630) 799-6900 • FAX (630) 799-6901
LAKE COUNTY OFFICE • 1860 WEST WINCHESTER ROAD • SUITE 201 • LIBERTYVILLE, ILLINOIS 60048 • (847) 949-0025 • FAX (847) 247-0555

# EXHIBIT C

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | 15 |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( ) |

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

(Name all parties)

ROBERT GILMACK

v.

WING ENTERPRISES, INC., and ALLSTATE INSURANCE
COMPANY

No. 08 L 002219

Please serve:
Allstate Ins. Co., 900 National Pkwy,
Schaumburg, IL 60173   AND
Wing Enterprises, Inc., 1325 W.
Industrial Circle, Springville, UT 84663

### SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ **Richard J. Daley Center, 50 W. Washington, Room** 801 **, Chicago, Illinois 60602**

| ☐ **District 2 - Skokie** | ☐ **District 3 - Rolling Meadows** | ☐ **District 4 - Maywood** |
|---|---|---|
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |
| ☐ **District 5 - Bridgeview** | ☐ **District 6 - Markham** | ☐ **Child Support** |
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | 28 North Clark St., Room 200 |
| Bridgeview, IL 60455 | Markham, IL 60426 | Chicago, Illinois 60602 |

**You must file within 30 days after service of this Summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

WITNESS, _____,

| Atty. No.: 13773 | |
|---|---|
| Name: Baal & O'Connor | DOROTHY BROWN |
| Atty. for: Plaintiff | Clerk of Court |
| Address: 221 N. LaSalle St., Ste. 2600 | Date of service: 3-10-08 , |
| City/State/Zip: Chicago, IL 60601 | (To be inserted by officer on copy left with defendant or other person) |
| Telephone: 312-236-1814 | |

Service by Facsimile Transmission will be accepted at: _____

(Area Code)   (Facsimile Telephone Number)

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

State of Utah
Utah County
Civil Division
Spanish Fork, UT 84660

Process Number:    08-1211                Court Number: 08 1 002219

I, James O. Tracy, Sheriff of Utah County do hereby certify that I received the
within and foregoing Summons and Complaint on 10th day of March, 2008, and that
I served the same on:


WING ENTERPRISES
1325 W. INDUSTRIAL Circle                    (Defendant        )
Springville, UT  84663

Served on: 10th day of March, 2008 at 11:58:00
Served by: Larsen C
Served to: Lora Lee Schroemges/Office Mng          ()
           1198 N SPRING CREEK PL
           Springville, UT  84663

Returned on the 11th day of March, 2008

I also certify that I endorsed on the said copy the date of service, signed my
name, and added my official title thereto.

Dated the 11th day of March, 2008

Fees:
    Service:        15.00          James O. Tracy, Sheriff
    Mileage:         9.00          Utah County, Utah
    Other  :         5.00
    Total  :        29.00


                                   BY: _Camille Larsen_____
                                       Larsen C
                                       Authorized Representative
                                       Civil Division

My commission expires:
2-22-2011
                                       _Tonya Houck_____
                                              Notary Public

TONYA HOUCK
NOTARY PUBLIC - STATE OF UTAH
191 S UNIVERSITY AVE SUITE 3110
PROVO, UTAH 84601
COMM. EXP. 2-22-2011

DOROTHY BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION
08 MAR 17 PM 3:21

15

# EXHIBIT
# D



# Clerk of the Circuit Court

*Dorothy Brown*

*Cook County*

### Case Information Summary for Case Number
### 2008-L-002219

Filing Date: 2/27/2008
Division: Law Division
Ad Damnum: $50000.00

Case Type: OTHER PERSONAL INJURY
District: First Municipal
Calendar: F

## Party Information

### Plaintiff(s)
GILMACK ROBERT

### Attorney(s)
BAAL OCONNOR & MARTIN
221 N LASALLE #2600
CHICAGO IL, 60601
(312) 236-1814

### Date of Service

### Defendant(s)

ALLSTATE INSURANCE CO

### Attorney(s)

RUSIN,MACIOROWSKI,FRIEDMN

10 S RIVERSIDE #1530
CHICAGO IL, 60606
(312) 454-5110

WING ENTERPRISES INC

## Case Activity

Activity Date: 2/27/2008

Participant: GILMACK ROBERT

OTHER PERSONAL INJURY COMPLAINT FILED

Court Fee: 294.00
Judgment Amount: 50000.00

Attorney: BAAL OCONNOR & MARTIN

Activity Date: 3/17/2008                    Participant: ALLSTATE INSURANCE CO

SUMMONS SERVED - CORPORATION/COMPANY/BUSINESS

Date: 3/10/2008
Court Fee: 29.00


Activity Date: 3/17/2008                    Participant: GILMACK ROBERT

CASE MANAGEMENT CALL NOTICE MAILED

Date: 6/25/2008
Court Time: 0930


Activity Date: 3/18/2008                    Participant: WING ENTERPRISES INC

INTERROGATORIES FILED

Attorney: SWANSON MARTIN BELL LLP


Activity Date: 3/18/2008                    Participant: WING ENTERPRISES INC

NOTICE OF DEPOSITION FILED

Attorney: SWANSON MARTIN BELL LLP


Activity Date: 3/18/2008                    Participant: WING ENTERPRISES INC

NOTICE TO PRODUCE FILED

Attorney: SWANSON MARTIN BELL LLP


Activity Date: 3/21/2008                    Participant: WING ENTERPRISES I

EXHIBITS FILED

Attorney: SWANSON MARTIN BELL LLP


Activity Date: 3/21/2008                    Participant: WING ENTERPRISES I

NOTICE OF DEPOSITION FILED

Attorney: SWANSON MARTIN BELL LLP


Activity Date: 3/26/2008                    Participant: WING ENTERPRISES I

ANSWER TO COMPLAINT FILED

Attorney: SWANSON MARTIN BELL LLP


Activity Date: 3/26/2008                    Participant: WING ENTERPRISES I

NOTICE OF FILING FILED

Attorney: SWANSON MARTIN BELL LLP

Activity Date: 3/26/2008         Participant: WING ENTERPRISES I

PROOF OF SERVICE FILED

Attorney: SWANSON MARTIN BELL LLP

Activity Date: 4/1/2008         Participant: ALLSTATE INSURANCE CO

SUMMONS RETURNED - N.S. REASON: NOT LISTED

Court Fee: 60.00

Activity Date: 4/24/2008         Participant: ALLSTATE INSURANCE CO

APPEARANCE FILED - FEE PAID - (JURY DEMAND)

Court Fee: 418.00         Attorney: RUSIN,MACIOROWSKI,FRIEDMN

Activity Date: 5/5/2008         Participant: GILMACK ROBERT

NOTICE OF MOTION FILED

Date: 6/6/2008         Attorney: BAAL OCONNOR & MARTIN
Court Time: 0930

Activity Date: 5/5/2008         Participant: GILMACK ROBERT

PROOF OF SERVICE FILED

Attorney: BAAL OCONNOR & MARTIN

Activity Date: 5/5/2008         Participant: GILMACK ROBERT

MOTION FILED

Attorney: BAAL OCONNOR & MARTIN

Activity Date: 5/5/2008         Participant: GILMACK ROBERT

MOTION SPINDLED

Date: 6/6/2008         Attorney: BAAL OCONNOR & MARTIN
Court Time: 0930

Activity Date: 5/7/2008         Participant: GILMACK ROBERT

AFFIDAVIT FILED

Attorney: BAAL OCONNOR & MARTIN

Activity Date: 5/7/2008                         Participant: GILMACK ROBERT

PROOF OF SERVICE FILED

Attorney: BAAL OCONNOR & MARTIN


Activity Date: 5/8/2008                         Participant: ALLSTATE INSURANCE

NOTICE OF MOTION FILED

Attorney: RUSIN,MACIOROWSKI,FRIEDMN


Activity Date: 5/8/2008                         Participant: ALLSTATE INSURANCE

PROOF OF SERVICE FILED

Attorney: RUSIN,MACIOROWSKI,FRIEDMN


Activity Date: 5/8/2008                         Participant: ALLSTATE INSURANCE

MOTION FILED

Attorney: RUSIN,MACIOROWSKI,FRIEDMN


Activity Date: 5/8/2008                         Participant: ALLSTATE INSURANC

FILE APPEARANCE OR JURY DEMAND, ANSWER OR PLEAD - ALLOWED -

Date: 6/6/2008                  Judge: BUDZINSKI ELIZABETH M
Microfilm: LD000330546


Activity Date: 6/4/2008                         Participant: WING ENTERPRISES INC

EXHIBITS FILED

Attorney: RUSIN,MACIOROWSKI,FRIEDMN


Activity Date: 6/4/2008                         Participant: WING ENTERPRISES INC

NOTICE OF MOTION FILED

Date: 6/12/2008                  Attorney: RUSIN,MACIOROWSKI,FRIEDMN
Court Time: 1030


Activity Date: 6/4/2008                         Participant: WING ENTERPRISES INC

PROOF OF SERVICE FILED

Attorney: RUSIN,MACIOROWSKI,FRIEDMN


Activity Date: 6/4/2008                         Participant: WING ENTERPRISES INC

MOTION FILED

Attorney: RUSIN,MACIOROWSKI,FRIEDMN

Activity Date: 6/4/2008                    Participant: WING ENTERPRISES INC

MOTION SPINDLED

Date: 6/12/2008                    Attorney: RUSIN,MACIOROWSKI,FRIEDMN
Court Time: 1030

Activity Date: 6/6/2008                    Participant: GILMACK

STRIKE FROM MOTION CALL - ALLOWED

Judge: BUDZINSKI ELIZABETH M

Activity Date: 6/16/2008                    Participant: ALLSTATE INSUR

VOLUNTARY DISMISSAL SPECIFIC DEFENDANT W/LEAVE TO REFILE-
ALLOWED

Judge: CEPERO, ROBERT LOPEZ

---

Please note: Neither the Circuit Court of Cook County nor the Clerk of the
Circuit Court of Cook County warrants the accuracy, completeness, or the currency
of this data. This data is not an official record of the Court or the Clerk and may
not be represented as an official court record.

If data does not appear in a specific field, we likely do not have the responsive data
in our master database.

Return to Search Page

# EXHIBIT
# E

#13773

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ROBERT GILMACK,                    )
                                   )
            Plaintiff              )
    vs.                            )        NO.    08 L 2219
                                   )
WING ENTERPRISES INC., and         )
ALLSTATE INSURANCE COMPANY         )
            Defendant.             )

ORDER

THIS CASE COMING ON TO BE HEARD on motion of plaintiff.

IT IS HEREBY ORDERED that the Defendant, ALLSTATE INSURANCE

COMPANY, is dismissed pursuant to Section 2-1009 of the Code of Civil Procedure,

without prejudice and without costs.

THIS CASE shall continue against Defendant, WING ENTERPRISES, INC.

_____, 2008

_____        _____
Judge                          Judge's No.

*Assoc. Judge Elizabeth M. Budzinski*

*JUN 16 2008*

*Circuit Court - 1875*

#13773
Bryan J. O'Connor
Baal & O'Connor
221 North LaSalle
Suite 2600
Chicago, IL 60601
312-263-1814

# EXHIBIT
# F

#13773

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ROBERT GILMACK,                          )
                                         )
      Plaintiff                          )
                                         )
vs.                                      )          NO.
                                         )
WING ENTERPRISES INC., and               )
ALLSTATE INSURANCE COMPANY               )          2008L002219
    Defendant.                         )          CALENDAR/ROOM F
                                                    TIME 00:00
                                                    PI Other

### COMPLAINT AT LAW

NOW COMES Plaintiff, ROBERT GILMACK, by his attorneys, BAAL &

O'CONNOR, and in complaint of Defendants, WING ENTERPRISES, INC. (herein

WING) and ALLSTATE INSURANCE CO., (herein ALLSTATE) states as follows:

### COUNT I – STRICT LIABILITY v WING ENTERPRISES

1.      Plaintiff is employed with Allstate Insurance Co. in Illinois as a property

field adjuster.

2.      Defendant WING is a corporation doing business in Cook County, Illinois.

3.      Defendant, ALLSTATE is an insurance company doing business in Cook

County, Illinois.

4.      On and prior to May 30, 2006, but within ten years prior to that date,

WING designed, manufactured, sold, and/or distributed a fiberglass ladder marketed

under name of "Little Giant".

5.      ALLSTATE purchased this ladder for use by its property field adjusters,

such as Plaintiff.

6.     Defendant WING had a duty to manufacture, design, sell and/or distribute a ladder that was not in an unreasonably dangerous condition.

7.     On or before May 30, 2006, Defendant Allstate supplied Plaintiff with the above mentioned ladder manufactured by Wing.

8.     At all times mentioned herein, Plaintiff was acting in the course and scope of his employment with Allstate as a property field adjuster.

9.     On May 30, 2006, while working in Cook County, Illinois, Plaintiff was standing on the Wing ladder in the course and performance of his duties, while inspecting some property damage.

10.     At that time and place, the Wing ladder suddenly collapsed, causing Plaintiff to fall and sustain injury.

11.     In violation of its duty, the Little Giant ladder was unreasonably dangerous for its foreseeable uses in one or more of the following respects:

(a)     The ladder was unstable and prone to collapsing

(b)     The ladder failed to work as intended, namely upon standing on the rungs of the ladder, the siderails and/or components of the ladder failed, causing the ladder to collapse.

(c)     The ladder contained a manufacturing defect, in that the ladder failed to work as intended, namely upon standing on the rungs of the ladder, the siderails and/or components of the ladder failed, causing the ladder to collapse.

(d)     The ladder contained inadequate warnings as to its hazardous condition, when Defendant knew or should have known of the hazardous condition.

12.     These unreasonably dangerous conditions existed when this ladder left Defendant WING's control.

13.     As a proximate result of one or more of these unreasonably dangerous conditions, the ladder that Plaintiff was standing upon collapsed, and he fell and sustained injury; and as a result has incurred economic and non-economic damages.

WHEREFORE, the Plaintiff ROBERT GILMACK, demands judgment against Defendant, in such sum as a Court and jury shall deem fair and reasonable, but in excess of $50,000.00, plus costs of suit.


## COUNT II – SPOLIATION OF EVIDENCE v ALLSTATE

14.     Plaintiff restates Paragraphs 1 through 13 and incorporates them by reference into Paragraph 14 of Count II.

15.     After Plaintiff's injury, Allstate inspected the ladder that caused Plaintiff's injury, and took possession of it to determine if it was defective, and to determine whether Allstate had any "third party liability" possibilities in order to recoup some of its workers compensation payments it was required to make as a result of Plaintiff's injury.

16.     Allstate knew that the ladder was evidence in any potential civil action arising from Plaintiff's injury.

17.   Allstate voluntary assumed a duty with Plaintiff to preserve, store and otherwise maintain the ladder which it knew was evidence in an anticipated lawsuit; in the alternative, Allstate was under a duty to preserve the ladder because of the actual knowledge that it possessed that the ladder was important evidence in potential civil litigation.

18.     Plaintiff has made demands upon Allstate to produce the ladder, and allow an inspection of it, but Allstate has either refused or not responded to Plaintiff's demands.

3

19.   On information and belief, Plaintiff alleges that Allstate, through its agents or employees, committed one or more of the following acts or omissions in violation of its duty:

(a)   Failed to maintain and/or preserve the Little Giant ladder;

(b)   Destroyed the ladder, in violation of its duty to Plaintiff;

20.   The actions of Allstate amounted to spoliation of evidence.

21.   As a proximate result of Allstate's spoliation of evidence, Plaintiff has been damaged because he has been severely hindered in his ability to prosecute a product liability action against Wing, and but for Allstate's loss and/or destruction of the ladder, Plaintiff would have easily proved a product defect in the underlying lawsuit, or in the alternative, the value of his claim against Wing is diminished in view of Allstate's spoliation of evidence.

WHEREFORE, the Plaintiff ROBERT GILMACK, demands judgment against Defendant, **ALLSTATE INSURANCE COMPANY**, in such sum as a Court and jury shall deem fair and reasonable, but in excess of $50,000.00, plus costs of suit.

**BRYAN J. O'CONNOR**
**Attorney for Plaintiff**

#13773
BAAL & O'CONNOR
Bryan J. O'Connor
221 N. LaSalle St., Ste. 463
Chicago, IL 60601
(312) 236-1814

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | 16 |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

(Name all parties)

ROBERT GILMACK

v.

WING ENTERPRISES, INC., and ALLSTATE INSURANCE
COMPANY

No. 08 L 002219

Please serve:
Allstate Ins. Co., 900 National Pkwy,
Schaumburg, IL 60173   AND
Wing Enterprises, Inc., 1325 W.
Industrial Circle, Springville, UT 84663

**SUMMONS**

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ **Richard J. Daley Center, 50 W. Washington, Room 801**                , Chicago, Illinois 60602

| ☐ **District 2 - Skokie** | ☐ **District 3 - Rolling Meadows** | ☐ **District 4 - Maywood** |
|---|---|---|
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |
| ☐ **District 5 - Bridgeview** | ☐ **District 6 - Markham** | ☐ **Child Support** |
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | 28 North Clark St., Room 200 |
| Bridgeview, IL 60455 | Markham, IL 60426 | Chicago, Illinois 60602 |

**You must file within 30 days after service of this Summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 13773

Name: Baal & O'Connor

Atty. for: Plaintiff

Address: 221 N. LaSalle St., Ste. 2600

City/State/Zip: Chicago, IL 60601

Telephone: 312-236-1814

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____, _____

DOROTHY BROWN

Clerk of Court

Date of service: 3-10-08 , _____
(To be inserted by officer on copy left with defendant
or other person)

(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

State of Utah
Utah County
Civil Division
Spanish Fork, UT 84660

Process Number:    08-1211                    Court Number: 08 1 002219

I, James O. Tracy, Sheriff of Utah County do hereby certify that I received the
within and foregoing Summons and Complaint on 10th day of March, 2008, and that
I served the same on:


WING ENTERPRISES
1325 W. INDUSTRIAL Circle                         (Defendant        )
Springville, UT  84663

Served on: 10th day of March, 2008 at 11:58:00
Served by: Larsen C
Served to: Lora Lee Schroemges/Office Mng
           1198 N SPRING CREEK PL                    ()
           Springville, UT  84663

Returned on the 11th day of March, 2008

I also certify that I endorsed on the said copy the date of service, signed my
name, and added my official title thereto.

Dated the 11th day of March, 2008

Fees:
    Service:        15.00          James O. Tracy, Sheriff
    Mileage:         9.00          Utah County, Utah
    Other  :         5.00
    Total  :        29.00

                                  BY: _Camille Larsen_____
                                       Larsen C
                                       Authorized Representative
                                       Civil Division

My commission expires:
2-22-2011                                        Notary Public


TONYA HOUCK
NOTARY PUBLIC • STATE OF UTAH
151 S UNIVERSITY AVE SUITE 3110
PROVO, UTAH 84601
COMM. EXP. 2-22-2011

CLERK OF CIRCUIT COURT
DOROTHY BROWN
08 MAR 17 PM 3:21

16

## Dorothy Brown
# Clerk of the Circuit Court
### Cook County

Case Information Summary for Case Number
2008-L-002219

Filing Date: 2/27/2008
Division: Law Division
Ad Damnum: $50000.00

Case Type: OTHER PERSONAL INJURY
District: First Municipal
Calendar: F

### Party Information

| Plaintiff(s) | Attorney(s) |
|---|---|
| GILMACK ROBERT | BAAL OCONNOR & MARTIN |
| | 221 N LASALLE #2600 |
| | CHICAGO IL, 60601 |
| | (312) 236-1814 |

**Date of Service**

| Defendant(s) | Attorney(s) |
|---|---|
| ALLSTATE INSURANCE CO | RUSIN,MACIOROWSKI,FRIEDMN |
| | 10 S RIVERSIDE #1530 |
| | CHICAGO IL, 60606 |
| | (312) 454-5110 |

WING ENTERPRISES
INC

### Case Activity

Activity Date: 2/27/2008                    Participant: GILMACK ROBERT

OTHER PERSONAL INJURY COMPLAINT FILED

Court Fee: 294.00                    Attorney: BAAL OCONNOR & MARTIN
Judgment Amount: 50000.00

Activity Date: 3/17/2008                              Participant: ALLSTATE INSURANCE CO

SUMMONS SERVED - CORPORATION/COMPANY/BUSINESS

Date: 3/10/2008
Court Fee: 29.00


Activity Date: 3/17/2008                              Participant: GILMACK ROBERT

CASE MANAGEMENT CALL NOTICE MAILED

Date: 6/25/2008
Court Time: 0930


Activity Date: 3/18/2008                              Participant: WING ENTERPRISES INC

INTERROGATORIES FILED

Attorney: SWANSON MARTIN BELL LLP


Activity Date: 3/18/2008                              Participant: WING ENTERPRISES INC

NOTICE OF DEPOSITION FILED

Attorney: SWANSON MARTIN BELL LLP


Activity Date: 3/18/2008                              Participant: WING ENTERPRISES INC

NOTICE TO PRODUCE FILED

Attorney: SWANSON MARTIN BELL LLP


Activity Date: 3/21/2008                              Participant: WING ENTERPRISES I

EXHIBITS FILED

Attorney: SWANSON MARTIN BELL LLP


Activity Date: 3/21/2008                              Participant: WING ENTERPRISES I

NOTICE OF DEPOSITION FILED

Attorney: SWANSON MARTIN BELL LLP


Activity Date: 3/26/2008                              Participant: WING ENTERPRISES I

ANSWER TO COMPLAINT FILED

Attorney: SWANSON MARTIN BELL LLP


Activity Date: 3/26/2008                              Participant: WING ENTERPRISES I

NOTICE OF FILING FILED

Attorney: SWANSON MARTIN BELL LLP

Activity Date: 3/26/2008                    Participant: WING ENTERPRISES I

PROOF OF SERVICE FILED

Attorney: SWANSON MARTIN BELL LLP

Activity Date: 4/1/2008                    Participant: ALLSTATE INSURANCE CO

SUMMONS RETURNED - N.S. REASON: NOT LISTED

Court Fee: 60.00

Activity Date: 4/24/2008                    Participant: ALLSTATE INSURANCE CO

APPEARANCE FILED - FEE PAID - (JURY DEMAND)

Court Fee: 418.00                    Attorney: RUSIN,MACIOROWSKI,FRIEDMN

Activity Date: 5/5/2008                    Participant: GILMACK ROBERT

NOTICE OF MOTION FILED

Date: 6/6/2008                    Attorney: BAAL OCONNOR & MARTIN
Court Time: 0930

Activity Date: 5/5/2008                    Participant: GILMACK ROBERT

PROOF OF SERVICE FILED

Attorney: BAAL OCONNOR & MARTIN

Activity Date: 5/5/2008                    Participant: GILMACK ROBERT

MOTION FILED

Attorney: BAAL OCONNOR & MARTIN

Activity Date: 5/5/2008                    Participant: GILMACK ROBERT

MOTION SPINDLED

Date: 6/6/2008                    Attorney: BAAL OCONNOR & MARTIN
Court Time: 0930

Activity Date: 5/7/2008                    Participant: GILMACK ROBERT

AFFIDAVIT FILED

Attorney: BAAL OCONNOR & MARTIN

Activity Date: 5/7/2008                                    Participant: GILMACK ROBERT

PROOF OF SERVICE FILED

Attorney: BAAL OCONNOR & MARTIN


Activity Date: 5/8/2008                                    Participant: ALLSTATE INSURANCE

NOTICE OF MOTION FILED

Attorney: RUSIN,MACIOROWSKI,FRIEDMN


Activity Date: 5/8/2008                                    Participant: ALLSTATE INSURANCE

PROOF OF SERVICE FILED

Attorney: RUSIN,MACIOROWSKI,FRIEDMN


Activity Date: 5/8/2008                                    Participant: ALLSTATE INSURANCE

MOTION FILED

Attorney: RUSIN,MACIOROWSKI,FRIEDMN


Activity Date: 5/8/2008                                    Participant: ALLSTATE INSURANC

FILE APPEARANCE OR JURY DEMAND, ANSWER OR PLEAD - ALLOWED -

Date: 6/6/2008                          Judge: BUDZINSKI ELIZABETH M
                                        Microfilm: LD000330546


Activity Date: 6/4/2008                                    Participant: WING ENTERPRISES INC

EXHIBITS FILED

Attorney: RUSIN,MACIOROWSKI,FRIEDMN


Activity Date: 6/4/2008                                    Participant: WING ENTERPRISES INC

NOTICE OF MOTION FILED

Date: 6/12/2008                          Attorney: RUSIN,MACIOROWSKI,FRIEDMN
Court Time: 1030


Activity Date: 6/4/2008                                    Participant: WING ENTERPRISES INC

PROOF OF SERVICE FILED

Attorney: RUSIN,MACIOROWSKI,FRIEDMN


Activity Date: 6/4/2008                                    Participant: WING ENTERPRISES INC

MOTION FILED

Attorney: RUSIN,MACIOROWSKI,FRIEDMN

Activity Date: 6/4/2008                    Participant: WING ENTERPRISES INC

MOTION SPINDLED

Date: 6/12/2008                    Attorney: RUSIN,MACIOROWSKI,FRIEDMN
Court Time: 1030

Activity Date: 6/6/2008                    Participant: GILMACK

STRIKE FROM MOTION CALL - ALLOWED

Judge: BUDZINSKI ELIZABETH M

Activity Date: 6/16/2008                    Participant: ALLSTATE INSUR

VOLUNTARY DISMISSAL SPECIFIC DEFENDANT W/LEAVE TO REFILE-
ALLOWED

Judge: CEPERO, ROBERT LOPEZ

---

Please note: Neither the Circuit Court of Cook County nor the Clerk of the
Circuit Court of Cook County warrants the accuracy, completeness, or the currency
of this data. This data is not an official record of the Court or the Clerk and may
not be represented as an official court record.

If data does not appear in a specific field, we likely do not have the responsive data
in our master database.

Return to Search Page

#13773

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ROBERT GILMACK,                     )
                                    )
                    Plaintiff       )
        vs.                         )          NO.   08 L 2219
                                    )
WING ENTERPRISES INC., and          )
ALLSTATE INSURANCE COMPANY          )
            Defendant.              )

### ORDER

THIS CASE COMING ON TO BE HEARD on motion of plaintiff.

IT IS HEREBY ORDERED that the Defendant, ALLSTATE INSURANCE

COMPANY, is dismissed pursuant to Section 2-1009 of the Code of Civil Procedure,

without prejudice and without costs.

THIS CASE shall continue against Defendant, WING ENTERPRISES, INC.

_____, 2008

_____
Judge                    Judge's No.

*Assoc. Judge Elizabeth M. Budzinski*

*JUN 16 2008*

*Circuit Court - 1875*

#13773
Bryan J. O'Connor
Baal & O'Connor
221 North LaSalle
Suite 2600
Chicago, IL 60601
312-263-1814

#13773

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ROBERT GILMACK,                          )
                                         )
      **Plaintiff**                      )
                                         )
    vs.                                  )    NO.   08 L 2219
                                         )
                                         )
**WING ENTERPRISES INC., and**           )
**ALLSTATE INSURANCE COMPANY**           )
      **Defendant.**                     )

### NOTICE OF MOTION
cc:  All Counsel of Record
     See Attached Service List

TO:    Charles Temple
        Temple Engineering, Inc.,
        635 Arlington Avenue
        DesPlaines, IL 60016

On ___6/6___, 2008, at _9:30_ A.M. or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Judge Budzinski, Room 2201**, or any judge sitting in his stead, in the courtroom usually occupied by him in the Richard J. Daley Center, Chicago, IL and then and there present the attached **Motion to Compel Inspection of Ladder and for Rule to Show Cause.**

*Bryan J O'Connor*
Bryan J O'Connor
Attorney for Plaintiff

Baal & O'Connor
221 North LaSalle, Ste. 2600
Chicago, IL 60601
312-236-1814

## PROOF OF SERVICE

The undersigned, being first duly sworn on oath, deposes and states that she served a copy of this notice upon all persons indicated hereinabove by mailing copies to them at the addresses above indicated prior to 5:00 P.M. on May 5, 2008 with first class postage prepaid, from 221 N. LaSalle Street, Chicago, Illinois.

Subscribed and sworn to before me
this 5th day of May, 2008.

Notary Public

OFFICIAL SEAL
LINDA BIALEK
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/06

SERVICE LIST
**GILMACK V WING ENTERPRISES and**
**ALLSTATE INSURANCE CO**
**08 L 002219**

**ATTORNEY FOR WING ENTERPRISES**
Joseph P. Switzer
Swanson, Martin & Bell, LLP
330 N. Wabash
Suite 3300
Chicago, IL 60611
312-321-9100
fax: 312-321-0990

**ATTORNEY FOR ALLSTATE INSURANCE CO**
Sarah M. Abrahms
Gregory Vacala
Rusin, Maciorowski & Friedman, Ltd.
10 S. Riverside Plaza
Suite 1530
Chicago, IL 60606
312-454-5110
fax: 312-454-6166

*#13773*

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

|  |  |  |
|---|---|---|
| **ROBERT GILMACK,** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | **NO.    08 L 2219** |
| | ) | |
| **WING ENTERPRISES INC., and** | ) | |
| **ALLSTATE INSURANCE COMPANY** | ) | |
| **Defendant.** | ) | |

2008 MAY -5 FH 3: 53

**MOTION TO COMPEL INSPECTION OF LADDER AND FOR RULE**
**TO SHOW CAUSE**

Plaintiff, by his attorney, Baal & O'Connor LLP, moves to compel Defendant

Allstate Insurance Company to produce a ladder for inspection, and in support, states:

1.      Co-Defendant WING designed, manufactured, sold, and/or distributed a

fiberglass ladder marketed under name of "Little Giant".   ALLSTATE purchased a Little

Giant fiberglass A-frame ladder for use by its property field adjusters, such as Plaintiff.

2.      On May 30, 2006, while working in Cook County, Illinois, Plaintiff was standing

on the Wing ladder in the course and performance of his duties for Allstate, while

inspecting some property damage at a building when the ladder suddenly collapsed,

causing Plaintiff to fall and sustain injury.

3.      After Plaintiff's injury, Allstate inspected the ladder that caused Plaintiff's injury,

and took possession of it to determine if it was defective, and had an engineer, Temple

Engineering, inspect the ladder.  Allstate also knew that the ladder was evidence in any potential civil action arising from Plaintiff's injury.

4.      Plaintiff has requested on numerous occasions, both by phone to the Allstate claims representative and by letter, that Allstate produce this ladder so Plaintiff can determine the cause of the collapse.  This is essential information in his case against WING.  Allstate has refused to even respond to these requests.

5.      Plaintiff also served a subpoena upon Temple Engineering on February 8, 2007, seeking production of the ladder and its engineering report. See attached.  Temple has ignored this subpoena.

        WHEREFORE, Plaintiff requests the following relief:

A.      An order compelling Allstate to produce the subject ladder for inspection by Plaintiff's consultants and representatives;

B.      An order to Temple Engineering issuing a rule to show cause why it should not be held in contempt for ignoring or refusing to comply with a subpoena.

**BRYAN J. O'CONNOR**
**Attorney for Plaintiff**

#13773
BAAL & O'CONNOR
Bryan J. O'Connor
221 N. LaSalle St., Ste. 463
Chicago, IL 60601
(312) 236-1814

2

IN THE NAME OF THE PEOPLE OF THE STATE OF ILLINOIS
ILLINOIS WORKERS' COMPENSATION COMMISSION
SUBPOENA



**Robert Gilmack**

Employee/Petitioner

v.

**Allstate Insurance Company**

Employer/Respondent

Case #   **07**   WC   **51886**

**Please contact attorney upon receipt!! 312-236-1814**

TO:  Charles Temple, Temple Engineering, Inc., 635 Arlington Avenue, DesPlaines, IL 60016

YOU ARE COMMANDED TO APPEAR TO TESTIFY BEFORE   **Arb. Devriendt**   OF THE COMMISSION

Name of arbitrator or commissioner

AT  **IWCC, 100 W. Randolph, Rm., 8-200, Chgo IL**   ON  **March 13, 2008** , AT   **10:00**

Address                                                                Date                              Time

AND TO BRING THE FOLLOWING ITEMS IN YOUR POSSESSION OR CONTROL:

**Any and all reports, inspection records, notes, photos, diagrams, testing results and all other materials concerning an inspection of Little Giant/Wing Enterprises fiberglass ladder involved in injury to Robert Gilmack (d/a: 5/3/06) AND statement of current location of ladder.**

✓  THE PETITIONER AND RESPONDENT HAVE AGREED THAT, INSTEAD OF APPEARING, YOU MAY MAIL THE ITEMS TO THE PERSON LISTED BELOW.  (DO *NOT* MAIL SUBPOENAED ITEMS TO THE COMMISSION.)

Baal & O'Connor, 221 N. LaSalle St., Ste. 2600
Chicago, IL 60601  (312) 236-1814

**Bryan J. O'Connor**                        AT

Name of person requesting this subpoena              Address, Telephone number, Email address

FAILURE TO RESPOND TO THIS SUBPOENA WILL SUBJECT YOU TO THE PENALTIES PRESCRIBED BY LAW.*

Signature

**Febuary 8, 2007**

Date

JC16 4/06   100 W. Randolph Street #8-200 Chicago, IL 60601  312/814-6611   Toll-free 866/352-3033   Web site: www.iwcc.il.gov
*Statute: 820 ILCS 305/16; Rules: 7030.50

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ROBERT GILMACK, | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No.: 08 L 2219 |
| | ) |
| WING ENTERPRISES INC., and | ) |
| ALLSTATE INSURANCE COMPANY | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT ALLSTATE INSURANCE COMPANY'S
### MOTION FOR EXTENSION TO ANSWER OR OTHERWISE PLEAD

NOW COMES the Defendant, ALLSTATE INSURANCE COMPANY, by its attorneys,

RUSIN MACIOROWSKI & FRIEDMAN, LTD., and moves this Honorable Court grant it an

extension of twenty eight (28) days to answer or otherwise plead, and in support thereof states as

follows:

1.    On February 27, 2008, Plaintiff filed his Complaint against defendants, including

ALLSTATE INSURANCE COMPANY (hereinafter "Allstate").   Count II of the Complaint

sought damages for spoliation of evidence by Allstate; specifically alleging that Allstate failed to

maintain and/or preserve or destroyed a ladder from which Plaintiff fell while working for

Allstate on or about May 30, 2006. See *Complaint at Law* attached hereto as ***Exhibit A***.

2.    Allstate subsequently filed its Appearance on April 24, 2008 and on May 8, 2008

its Routine Motion for extension of time to answer or otherwise plead was granted.   See

*Appearance* and *Routine Motion for Extension of Time* attached hereto as ***Exhibit B***.

3.    That Allstate's answer or responsive pleading is due on or before June 5, 2006,

but because Allstate did, in fact preserve and stored the ladder from which Plaintiff fell at its

facility in South Barrington, Illinois, it and has arranged for the parties in the above captioned lawsuit to inspect said ladder on June 6, 2008.

4.      That Allstate requests an extension to file its answer or responsive pleading until after the June 6, 2008 scheduled inspection of the subject ladder.

5.      After the ladder is inspected it is an anticipated Plaintiff's Complaint for Spoliation against Allstate will be withdrawn and the requirement for an answer and or responsive pleading to the Complaint will be moot.

WHEREFORE, the Defendant, ALLSTATE INSURANCE COMPANY, by its attorneys, RUSIN MACIOROWSKI & FRIEDMAN, LTD., moves this Honorable Court, an extension of twenty eight (28) days to answer or otherwise plead in response to Plaintiff ROBERT GILMACK'S, Complaint at Law and any further appropriate relief.

Respectfully submitted,

RUSIN MACIOROWSKI & FRIEDMAN, LTD.

By: _____
One of the attorneys for Defendant, ALLSTATE
INSURANCE COMPANY

Gregory G. Vacala
Sarah M. Abrams
One of the Attorneys for Defendant Allstate Insurance Company
Rusin Maciorowski & Friedman, Ltd.
10 South Riverside Plaza
Suite 1530
Chicago, Illinois 60606
(312) 454-5110
W:\DOCS\3309\01\00680293.DOC

2120 - Served                 2121 - Served
2220 - Not Served             2221 - Not Served
2320 - Served By Mail         2321 - Served By Mail
2420 - Served By Publication  2421 - Served By Publication
SUMMONS          ALIAS - SUMMONS          CCG N00-1024-1-07-05 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW _____ DIVISION

(Name all parties)

ROBERT GILMACK

v.

WING ENTERPRISES, INC., and ALLSTATE INSURANCE
COMPANY

No. 08 L 002219

Please serve:
Allstate Ins. Co., 900 National Pkwy,
Schaumburg, IL 60173  AND
Wing Enterprises, Inc.,
Industrial Circle, Springville, UT 84663

**SUMMONS**

To each Defendant:

    YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑  Richard J. Daley Center, 50 W. Washington, Room **801**_____, Chicago, Illinois 60602

☐  **District 2 - Skokie**         ☐  **District 3 - Rolling Meadows**     ☐  **District 4 - Maywood**
   5600 Old Orchard Rd.              2121 Euclid                             1500 Maybrook Ave.
   Skokie, IL  60077                Rolling Meadows, IL  60008              Maywood, IL  60153

☐  **District 5 - Bridgeview**     ☐  **District 6 - Markham**             ☐  **Child Support**
   10220 S. 76th Ave.               16501 S. Kedzie Pkwy.                   28 North Clark St., Room 200
   Bridgeview, IL  60455            Markham, IL  60426                      Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

    This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 13773_____

Name: Baal & O'Connor_____

Atty. for: Plaintiff_____

Address: 221 N. LaSalle St., Ste. 2600_____

City/State/Zip: Chicago, IL 60601_____

Telephone: 312-236-1814_____

WITNESS, _____ MAR 05 2008

DOROTHY BROWN
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
                                                       (Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

OFFICE O... DEPUTY: _____
MULTIPLE SERVICE

GTL CASE NUMBER 08L002213

ATTORNEY
BAAL & O'CONNOR
X
X XX. 00000
312 236-1814

RECEIVED DT 03-05-2008 DUE DT 03-31-2008

13

SILMARK

ON: MJ

*************** THIS SUMMONS ON THE DEFENDANT AS FOLLOWS:

************************************************************

THAT I SERVED THIS SUMMONS ON THE DEFENDANT AS FOLLOWS:

L SERVICE:   BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT WITH THE
DEFENDANT PERSONALLY.

UTE SERVICE:   BY LEAVING A COPY OF THE SUMMONS AND A COPY OF THE COMPLAINT
# DEFENDANT'S USUAL PLACE OF ABODE WITH SOME PERSON OF THE FAMILY OR A PERSON
NG THERE, OF THE AGE OF 13 YEARS OR UPWARDS, AND INFORMING THAT PERSON OF
#ENTS THEREOF. ALSO, A COPY OF THE SUMMONS WAS MAILED ON THE

____ DAY OF _____ 20 ____, IN A SEALED ENVELOPE WITH POSTAGE FULLY
####, ADDRESSED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE.

## #### REFUSED NAME _____ BUSINESS   PARTNERSHIP
#### ON:   CORPORATION   COMPANY   BUSINESS   PARTNERSHIP
# LEAVING A COPY OF THE SUMMONS AND COMPLAINT (OR INTERROGATORIES) WITH THE
##### AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT.

#### MAIL _____

#### SHERIFF, BY: _____ _fifield 109_____, DEPUTY

#### S. DAR... ...FF, BY: _____

1  M/F ____ RACE ____ AGE ____   not served
2 #### OF DEFENDANT ALLSTATE INSURANCE CO. _____

____ #IT SERVED ON _____

THIS 26 DAY OF ___ mm ___, 20 08 TIME 11 :55 (A.M./P.M.

****************************************************************

#### REMARKS (Hard to locate) no such business at given
South of Golf

****************************************************************

#### DEFENDANT WAS NOT SERVED.

| | ATTEMPTED SERVICES |
|---|---|

|  | DATE | TIME A.M./P.M. |
|---|---|---|
| TYPE OF BLDG _____ Office _____ | 3-26 | 11:55 MS17 |
| NEIGHBORS NAME _____ | | __:__ ___ |
| ADDRESS _____ | | __:__ ___ |

REASON NOT SERVED:
07 EMPLOYER REFUSAL
08 RETURNED BY ATTY
09 DECEASED
10 BLDG DEMOLISHED
11 NO REGISTERED AGT.
12 OTHER REASONS
13 OUT OF COUNTY

__ 01 MOVED
__ 02 NO CONTACT
__ 03 EMPTY LOT
X 04 NOT LISTED
__ 05 WRONG ADDRESS
__ 06 NO SUCH ADDRESS

SG25

FEE  .00   MILEAGE  .00   TOTAL  .00

#13773

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ROBERT GILMACK,                    )
                                   )
            Plaintiff              )
                                   )
      vs.                          )        NO.   08 L 2219
                                   )
                                   )
WING ENTERPRISES INC., and         )
ALLSTATE INSURANCE COMPANY         )
            Defendant.             )

**FILED**
JUN 16 2008
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT

### ROUTINE NOTICE OF MOTION

TO:    Joseph P. Switzer                Sarah Abrams
       Swanson, Martin & Bell, LLP      Rusin, Maciorowski & Friedman
       330 N. Wabash                    10 S. Riverside Plaza
       Suite 3300                       Suite 1530
       Chicago, IL 60611                Chicago, IL 60606

On June 13, 2008 at 8:45A.M. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Budzinski, Room 2201, or any judge sitting in his stead, in the courtroom usually occupied by him in the Richard J. Daley Center, Chicago, IL and then and there present the attached Routine Motion to Voluntarily Dismiss Allstate.

                                   Bryan J. O'Connor
                                   Attorney for Plaintiff

Baal & O'Connor
221 North LaSalle, Ste. 2600
Chicago, IL 60601
312-236-1814

### PROOF OF SERVICE

The undersigned, being first duly sworn on oath, deposes and states that she served a copy of this notice upon all persons indicated hereinabove by mailing copies to them at the addresses above indicated prior to 5:00 P.M. on June 9, 2008 with first class postage prepaid, from 221 N. LaSalle Street, Chicago, Illinois.

Subscribed and sworn to before me
this 9th day of June, 2008.

Notary Public

OFFICIAL SEAL
LINDA BIALEK
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/06/10

#13773

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

**FILED**

ROBERT GILMACK,                    )
                                   )        JUN 16 2008
        Plaintiff                  )
                                   )    DOROTHY BROWN
                                   )    CLERK OF THE CIRCUIT COURT
    vs.                            )    NO.   08 L 2219
                                   )
WING ENTERPRISES INC., and         )
ALLSTATE INSURANCE COMPANY         )
        Defendant                  )

## MOTION TO VOLUNTARILY DISMISS ALLSTATE

Plaintiff, by his attorney, Baal & O'Connor LLP, pursuant to Section 2-1009 of

the Code of Civil Procedure, moves to voluntarily dismiss Defendant Allstate Insurance

Company without prejudice and without costs. This case will remain pending as to Wing

Enterprises Inc.

WHEREFORE, Plaintiff moves for an order in accordance with this motion.

BRYAN J. O'CONNOR
Attorney for Plaintiff

#13773
BAAL & O'CONNOR
Bryan J. O'Connor
221 N. LaSalle St., Ste. 463
Chicago, IL 60601
(312) 236-1814

0040-065

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ROBERT GILMACK,                    )
                                   )
              Plaintiff,           )
                                   )
        v.                         )  NO. 08 L 002219
                                   )
WING ENTERPRISES, INC. and         )
ALLSTATE INSURANCE COMPANY,        )
                                   )
              Defendant.           )



## ANSWER TO COMPLAINT AT LAW

TO:   Baal & O'Connor
      221 North LaSalle – Suite 1600
      Chicago, IL 60601

     NOW COMES Defendant, WING ENTERPRISES, INC., and in answer to Plaintiff's
Complaint at Law, states as follows:

### COUNT I

     1.     Plaintiff is employed with Allstate Insurance Co. in Illinois as a property field
adjuster.

**ANSWER**:   This defendant lacks sufficient information to form a belief as to the truth of the
allegations as to paragraph I, and therefore denies same, putting plaintiff to its proof thereon.

     2.     Defendant Wing is a corporation doing business in Cook County, Illinois.

**ANSWER**:   This defendant is a Utah Corporation, with a principal place of business in Utah,
and does business in all fifty states including Illinois.

     3.     Defendant, Allstate is an insurance company doing business in Cook County,
Illinois.

- 1 -

**ANSWER:**    This defendant lacks sufficient information to form a belief as to the truth of the allegations as to paragraph 3, and therefore denies same, putting plaintiff to his proof therein.

4.    On and prior to May 30, 2006, but within ten years prior to that date, WING designed, manufactured, sold, and/or distributed a fiberglass ladder marketed under name of "Little Giant".

**ANSWER:**    This defendant denies the allegation contained in paragraph 4 but admit it marketed and sold certain ladders of "Little Giant Ladder Systems".

5.    Allstate purchased this ladder for use by its property field adjusters, such as Plaintiff.

**ANSWER:**    This defendant lacks sufficient information to form a belief as to the truth of the allegations as to paragraph 5, and therefore denies same, putting plaintiff to his proof thereon.

6.    Defendant WING had a duty to manufacture, design, sell and/or distribute a ladder that was not in an unreasonably dangerous condition.

**ANSWER:**    This defendant denies the accuracy of paragraph 6 and admits only to duties imposed by law.

7.    On or before May 30, 2006, Defendant Allstate supplied Plaintiff with the above mentioned ladder manufactured by Wing.

**ANSWER:**    This defendant lacks sufficient information to form a belief as to the truth of the allegations as to paragraph 7, and therefore denies same, putting plaintiff to his proof thereon.

8.    At all times mentioned herein, Plaintiff was acting in the course and scope of his employment with Allstate as a property field adjuster.

**ANSWER:**    This defendant lacks sufficient information to form a belief as to the truth of the allegations as to paragraph 8, and therefore denies dame, putting plaintiff to his proof thereon.

- 2 -

9.     On May 30, 2006, while working in Cook County, Illinois, Plaintiff was standing on the Wing ladder in the course and performance of his duties, while inspecting some property damage.

**ANSWER:**    This defendant lacks sufficient information to form a belief as to the truth of the allegations as to paragraph 9, and therefore denies dame, putting plaintiff to his proof thereon.

10.     At that time and place, the Wing ladder suddenly collapsed, causing Plaintiff to fall and sustain injury.

**ANSWER:**    This defendant lacks sufficient information to form a belief as to the truth of the allegations as to paragraph 10, and therefore denies dame, putting plaintiff to his proof thereon.

11.     In violation of its duty, the Little Giant ladder was unreasonably dangerous for its foreseeable uses in one or more of the following respects:

(a)     The ladder was unstable and prone to collapsing

(b)     The ladder failed to work as intended, namely upon standing on the rungs of the ladder, the siderails and/or components of the ladder failed, causing the ladder to collapse.

(c)     The ladder contained a manufacturing defect, in that the ladder failed to work as intended, namely upon standing on the rungs of the ladder, the siderails and/or components of the ladder failed, causing the ladder to collapse.

(d)     The ladder contained inadequate warnings as to its hazardous condition, when Defendant knew or should have known of the hazardous condition.

**ANSWER:**    This defendant denies the allegations of paragraph 11, and all subparts, of paragraph 11 of the Complaint.

- 3 -

12.     These unreasonably dangerous conditions existed when this ladder left Defendant WING's control.

**ANSWER:**     This defendant denies the allegations of paragraph 12 of the Complaint.

13.     As a proximate result of one or more of these unreasonably dangerous conditions, the ladder that Plaintiff was standing upon collapsed, and he fell and sustained injury; and as a result has incurred economic and non-economic damages.

**ANSWER:**     This defendant denies the allegations of paragraph 13 of the Complaint.

WHEREFORE defendant Wing Enterprises, Inc., denies that plaintiff is entitled to judgment and prays for judgment against plaintiff plus costs of this action.

This defendant demands a trial by jury.


## COUNT II

14.     Plaintiff restates Paragraph 1 through 13 and incorporates them by reference into Paragraph 14 of Count II.

**ANSWER:**     These allegations are not addressed to Wing Enterprises, Inc. and, therefore, no answer is made to same.

15.     After Plaintiff's injury, Allstate inspected the ladder that caused Plaintiff's injury, and took possession of it to determine if it was defective, and to determine whether Allstate has any "third party liability" possibilities in order to recoup some of its workers compensation payments it was required to make as a result of Plaintiff's injury.

**ANSWER:**     These allegations are not addressed to Wing Enterprises, Inc. and, therefore, no answer is made to same.

16.     Allstate knew that the ladder was evidence in any potential civil action arising from Plaintiff's injury.

**ANSWER:**   These allegations are not addressed to Wing Enterprises, Inc. and, therefore, no answer is made to same.

17.     Allstate voluntary assumed a duty with Plaintiff to preserve, store and otherwise maintain the ladder which it knew was evidence in an anticipated lawsuit; in the alternative, Allstate was under a duty to preserve the ladder because of the actual knowledge that it possessed that the ladder was important evidence in potential civil litigation.

**ANSWER:**   These allegations are not addressed to Wing Enterprises, Inc. and, therefore, no answer is made to same.

18.     Plaintiff has made demands upon Allstate to produce the ladder, and allow an inspection of it, but Allstate has either refused or not responded to Plaintiff's demands.

**ANSWER:**   These allegations are not addressed to Wing Enterprises, Inc. and, therefore, no answer is made to same.

19.     On information and belief, Plaintiff alleges that Allsate, through its agents or employees, committed one or more of the following acts or omissions in violation of its duty:

(a)     Failed to maintain and/or preserve the Little Giant Ladder;


(b)     Destroyed the ladder, in violation of its duty to Plaintiff.

**ANSWER:**   These allegations are not addressed to Wing Enterprises, Inc. and, therefore, no answer is made to same.

20.     The actions of Allstate amounted to spoliation of evidence.

- 5 -

**ANSWER:**    These allegations are not addressed to Wing Enterprises, Inc. and, therefore, no answer is made to same.

21.    As a proximate result of Allstate's spoliation of evidence, Plaintiff has been damaged because he has been severely hindered in hindered in his ability to prosecute a product liability action against Wing, and but for Allstate's loss and/or destruction of the ladder, Plaintiff would have easily proved a product defect in the underlying lawsuit, or in the alternative, the value of his claim against Wing is diminished in view of Allstate's spoliation of evidence.

**ANSWER:**    These allegations are not addressed to Wing Enterprises, Inc. and, therefore, no answer is made to same.


Respectfully submitted,

SWANSON, MARTIN & BELL

_____
One of the Attorneys for Defendant
Wing Enterprises, Inc.

Joseph P. Switzer
SWANSON MARTIN & BELL
One IBM Plaza
330 N. Wabash Avenue, Suite 3300
Chicago, IL 60611
(312) 321-9100

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

ROBERT GILMACK,                    )
                                   )
                Plaintiff,         )
                                   )
        v.                         )
                                   )    No.    08 L 002219
WING ENTERPRISES INC., and         )
ALLSTATE INSURANCE COMPANY,        )
                                   )
                Defendants.        )

### ROUTINE ORDER

ON MOTION of the attorneys for the Defendant, ALLSTATE INSURANCE

COMPANY, due notice having been given and the Court being fully advised in the premises:

IT IS HEREBY ORDERED THAT leave is granted for Defendant, ALLSTATE

INSURANCE COMPANY leave to file its Answer or otherwise plead to Plaintiff's Complaint at

Law within 28 days of the date of this Order.

4234
6/6

ENTERED:

JUDGE _____  Assoc. Judge Elizabeth M. Budzinski

MAY -8 2008

Circuit Court - 1875

Gregory G. Vacala
Sarah M. Abrams
**Rusin Maciorowski & Friedman, Ltd.**
Attorneys for Defendant
10 South Riverside Plaza - Suite 1530
Chicago, IL 60606
(312) 454-5110
Attorney No.: 40680
W:\DOCS\3309\01\00665435.DOC

0040-065

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| ROBERT GILMACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 08 L 002219 |
| | ) | |
| WING ENTERPRISES, INC. and | ) | |
| ALLSTATE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## INTERROGATORIES TO PLAINTIFF

TO:    Baal & O'Connor
       221 North LaSalle – Suite 1600
       Chicago, IL 60601

NOW COMES Defendant, WING ENTERPRISES, INC., by and through their attorneys, SWANSON, MARTIN & BELL, LLP, and hereby requests plaintiff to answer the following Interrogatories within 28 days.

1.    State your full name, age, address and Social Security number.

**ANSWER**:


2.    State the full name and address of each person who witnessed or claims to have witnessed the occurrence.

**ANSWER**:


3.    State the full name and address of each person not named in Interrogatory 2 above, who was present at the scene immediately before, at the time of, or immediately after the occurrence.

**ANSWER**:

4.    Describe in general the personal injuries sustained by you as a result of the occurrence.

**ANSWER**:

- 1 -

5.    With regard to the injuries, state:

    (a) The name and address of each attending or consulting physician;
    (b) The amounts to date of their bills for services; and
    (c) From which of them you or your attorney(s) have written reports.

**ANSWER:**


6.    As a result of the personal injuries, were you a patient or an outpatient in any hospital or clinic?  If so, state the names and addresses of each, the amounts of their bills, and the dates of service.

**ANSWER:**


7.    As a result of the personal injuries, were you unable to work?  If so, state:

    (a)    The name and address of your employer at the time;
    (b)    The dates on which you were unable to work;
    (c)    The amount of income loss claimed by you; and
    (d)    The name and address of your present employer, if any.

**ANSWER:**


8.    State any other expenses or losses you claim as the result of the occurrence.

**ANSWER:**


9.    During the ten years immediately prior to the date of the occurrence, have you been confined in a hospital or treated by a physician for any reason other than personal injury?  If so, give the name and address of each such hospital, physician, or clinic, the date of service, and the reason for service.

**ANSWER:**


10.    Have you suffered any personal injury of a nature serious enough for treatment by a physician prior to the date of the occurrence?  If so, state when, where and in general how you were injured, and who treated you.

**ANSWER:**


     11.    Have you suffered either any personal injury or illness since the date of the occurrence? If so, state when and how you were injured or ill, and by whom you were treated.

**ANSWER:**


     12.    Were any photographs taken of the scene of the occurrence or of the product involved? If so, state the date or dates on which such photographs were taken, the subjects thereof and who now has custody of them.

**ANSWER:**


     13.    Do you have any statements from witnesses? If so give the name and address of each such witness, the date of the statement, and whether it was written or oral.

**ANSWER:**


     14.    List the names and addresses of any other persons who have knowledge of the facts of the occurrence or injuries and damages.

**ANSWER:**


     15.    Were you ever convicted of a crime as defined in the Illinois Statutes, including Federal Income Tax evasion? If so, state the crime, the date of conviction and the court.

**ANSWER:**


     16.    State the type or model of the product as alleged in the complaint.

**ANSWER:**


     17.    State the name and address of the person who has possession or control of the product or any part thereof.

**ANSWER:**


     18.    State the name and address of every person who examined, inspected, or viewed the product or any part thereof.

**ANSWER:**

19.     State whether you have ever filed an action under the Worker's Compensation Act and if so, the date of filing, the number of the cause, the respondent, the name and address of the company insuring the respondent and the claim and policy numbers.

**ANSWER:**

20.     Please state the amount of damages which will be sought at the time of trial.

**ANSWER:**

21.     With respect to each person whom you intend to call as an expert witness to testify on your behalf:

      (a) State the name;
      (b) State the subject matter on which the expert is expected to testify;
      (c) State the substance of the facts and opinions to which the expert is expected to testify; and
      (d) State the grounds of his/her opinion.

**ANSWER:**

Respectfully submitted,

SWANSON, MARTIN & BELL

One of the Attorneys for Defendant
Wing Enterprises, Inc.

Joseph P. Switzer
SWANSON MARTIN & BELL
One IBM Plaza
330 N. Wabash Avenue, Suite 3300
Chicago, IL 60611
(312) 321-9100

- 4 -

The undersigned, a non-attorney, certifies that:  I served these Interrogatories by mailing a copy to all parties of record before 4:00 p.m. on March *18* with proper postage prepaid.

[ ]     Under penalties as provided by law pursuant to
        ILL. REV. STAT. Chap 110-SEC 1-109 I certify
        That the statements set forth herein are true and
        Correct.

- 5 -

0040-065

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ROBERT GILMACK,                    )
                                   )
            Plaintiff,             )
                                   )
      v.                           )  NO. 08 L 002219
                                   )
WING ENTERPRISES, INC. and         )
ALLSTATE INSURANCE COMPANY,        )
                                   )
            Defendants             )

To:   Baal & O'Connor
      221 North LaSalle – Suite 1600
      Chicago, IL 60601

**DEPONENT:   Robert Gilmack**

      You are hereby notified that the undersigned will take the deposition of the above named
Deponent before a Notary Public or any other duly authorized officer in the City of Chicago on:

**DATE:   May 15, 2008          TIME: 10:00 a.m.**

**ADDRESS:   SWANSON MARTIN & BELL, LLP**
**            330 North Wabash, Suite 3300**
**            Chicago, IL 60611**

      You are hereby further notified pursuant to the Civil Practice Act and Rules of the
Supreme Court of Illinois that you are by this Notice required to have present at the date, time
and place stated, the said Deponent for oral examination for the purpose of discovery.

      Please Take Notice that you are required by this Notice to produce at this deposition the
following documents or tangible things as in the case of a subpoena:

                              SWANSON MARTIN & BELL, LLP


                        By_____
                              Joseph P. Switzer
                              One of the Attorneys for Defendant
                              Wing Enterprises, Inc.

Joseph P. Switzer
SWANSON, MARTIN & BELL, LLP
330 North Wabash, Suite 3300
Chicago, Illinois 60611
(312) 321-9100
Firm I.D. No. 29558

The undersigned, a non-attorney, on oath, state: I served this notice by mailing a copy to all parties of record before 4:00 p.m. on March /8 _____ with proper postage prepaid.

[ ]     Under penalties as provided by law pursuant to
ILL. REV. STAT. CHAP 110-SEC 1 - 109 I certify
that the statements set forth herein are true
and correct.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

0040-065

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ROBERT GILMACK,                          )
                                         )
                Plaintiff,               )
                                         )
        v.                               )  NO. 08 L 002219
                                         )
WING ENTERPRISES, INC. and               )
ALLSTATE INSURANCE COMPANY,              )
                                         )
                Defendant.               )

## NOTICE TO PRODUCE PURSUANT TO
## SUPREME COURT RULE 214

TO:     Baal & O'Connor
        221 North LaSalle – Suite 1600
        Chicago, IL 60601

        YOU ARE HEREBY notified that pursuant to Supreme Court Rule 214 you are
requested to produce on a date and at a time not later than 28 days from the date hereof at the
offices of SWANSON MARTIN & BELL, attorneys for the Defendants, WING
ENTERPRISES, INC., for inspection and copying the following (together with any transcripts,
reports, memoranda, or recordings purporting to reflect but not to evaluate the same):

        1.      Any and all statements, whether written, oral, recorded, transcribed, notes or
summaries of statements (other than statements by a party to his attorney or insurer) in any way
connected with or referring to the occurrence in question, the area where the incident occurred,
and the persons, equipment, material or procedures involved.

**RESPONSE:**


        2.      Any and all drawings, photographs, slides, motion pictures, sketches, maps,
diagrams, surveys, blueprints, charts, experiment results or notes, or models which pertain to the
parties to this cause, the allegations of negligence or the injuries or damages claimed, or any
physical object or equipment claimed to be involved in this cause.

**RESPONSE:**


        3.      Any and all medical reports, medical records (including, but not limited to, X-
rays, myelographic and CT scan films), bills or other writings relating in any manner to the
injuries or illness allegedly sustained by the plaintiff as a result of the occurrence in question or
subsequent thereto.

**RESPONSE:**

4.    Any and all medical reports, medical records (including, but not limited to, X-ray, myelographic and CT scan films), bills and other writings relating to any injury or illness sustained by the plaintiff prior to the occurrence in question.

**RESPONSE:**

5.    Copies of the plaintiff's federal and state income tax returns for the five years prior to the occurrence complained of, and each year thereafter up to and including the present year.

**RESPONSE:**

6.    Any and all notes, diaries, calendars or other writings prepared by or on behalf of the plaintiff and pertaining to the events, injuries or time lost from employment as a result of the occurrence in question.

**RESPONSE:**

7.    Any and all receipts, cancelled checks, bills, invoices or other writings, referring or relating in any manner to expenses or damages resulting from the occurrence in question.

**RESPONSE:**

8.    Any and all documents or things set forth or referred to in plaintiff's Answers to Interrogatories propounded by these Defendants.

**RESPONSE:**

Respectfully submitted,

SWANSON, MARTIN & BELL

One of the attorneys for Defendant
WING ENTERPRISES, INC.

Joseph P. Switzer
SWANSON MARTIN & BELL
One IBM Plaza
330 N. Wabash Avenue
Suite 3300
Chicago, IL 60611
(312) 321-9100

-2-

The undersigned, a non-attorney, certifies that: I served this Notice to Produce by mailing a copy to all parties of record before 4:00 p.m. on March ___, with proper postage prepaid.

[ ]    Under penalties as provided by law pursuant to
ILL. REV. STAT. Chap 110-SEC 1-109 I certify
That the statements set forth herein are true and
Correct.