Case 1:08-cv-03804    Document 16    Filed 09/03/2008    Page 1 of 2
Case 1:08-cv-03804    Document 14-2    Filed 08/21/2008    Page 1 of 2



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT GILMACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 08 CV 3804 |
| | ) | |
| WING ENTERPRISES INC., et al., | ) | Hon. John W. Darrah |
| | ) | Magistrate Judge Maria Valdez |
| Defendants. | ) | |

### AGREED PROTECTIVE ORDER

In order to preserve and maintain the privileges and confidentiality of the documents to be produced by ALLSTATE INSURANCE COMPANY ("Allstate") pursuant to Fed Rule Civ. Pro. 45 served upon it in the above-captioned action, it is hereby ordered that:

1.  That the production of certain discovery materials sought by the parties from Allstate shall be governed by this order.

2.  This order applies to all documents included in the personnel file of Robert Gilmack (herein "the personnel file") produced by Allstate.

3.  The materials shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, other than as required for the preparation and trial of this action. Except as provided for in the paragraphs below, parties shall keep all materials confidential from all persons.

4.  Except with the prior written consent of Allstate or upon further order of this Court, the materials shall not be disclosed to any person outside court other than the attorneys in this case and their staff, the parties and their opinion witnesses and consulting experts. Before any of the materials are viewed by opinion witnesses and experts, the witness will be furnished a copy of this protective order.

5.  To the extent that material obtained therefrom is used in the taking of depositions, such document or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with the protected material.

**EXHIBIT A**

6. Promptly after the conclusion of this action, all Protected Documents, all copies thereof, all excerpts therefrom, and all notes embodying the substance of confidential material, shall be returned to counsel for Allstate or destroyed by the party in possession.

7. The parties shall not under any circumstances sell, offer for sale, advertise, or publicize either the contents of the protected material or the fact that parties have obtained the Allstate confidential documents.

8. After termination of this litigation, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties and recipients of the protected material for enforcement of the provisions of this Order following termination of this litigation.

9. This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

10. The materials will be used for the purpose of this litigation only, and shall not be used for any purpose other than the preparation and trial of this action.

11. The materials produced pursuant to the terms of this Order shall be designated with the following in the lower right hand corner "PD #page number"

Entered this 3rd day of Sept. 2008.   _____

Agreed to by:
**Attorney for Plaintiff Robert Gilmack**
Bryan J. O'Connor, Sr.
**Baal & O'Connor**
221 N. LaSalle St., Suite 2600
Chicago, IL 60601

**Attorney for Defendant Wing Enterprises, Inc.**
Joseph P. Switzer
**Swanson, Martin & Bell, LLP**
330 N. Wabash, Suite 3300
Chicago, IL 60611

**Attorney for Party in Discovery, Allstate Insurance Company**
Gregory G. Vacala #6292573
**Rusin Maciorowski & Friedman, Ltd.**
10 S. Riverside Plaza, Suite 1530
Chicago, IL 60606
W:\DOCS\3309\01\00707240.DOC